IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2009 AUG 19 P 3:08
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| THOMAS LEMONS, | ) |
| Plaintiff, | ) Case No. 2:08-CV-758 TC |
| v. | ) District Judge Tena Campbell |
| STEVE TURLEY et al., | ) O R D E R |
| Defendants. | ) Magistrate Judge Samuel Alba |

Plaintiff, Thomas Lemons, filed a *pro se* prisoner civil rights complaint. See 42 U.S.C.S. § 1983 (2009). Below, the Court rules on the outstanding motions in this case.

The Court first considers Plaintiff's motion for appointed counsel. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent inmates. *See* 28 U.S.C.S. § 1915(e)(1) (2009); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Petitioner has the burden of convincing the court that his claims have enough worth "to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

To decide whether to appoint counsel, this Court weighs many factors, such as "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's

ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); accord *McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, on initial review, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

The other motions require only summary treatment.

**IT IS ORDERED:**

(1) Plaintiff's motion for appointed counsel is **DENIED**, (see Docket Entry # 30); however, if it later appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf.

(2) Plaintiff's motions for discovery are **DENIED**. (See Docket Entry #s 18, 25, & 32.) Discovery has been stayed in this case pending receipt by the Court of Defendants' *Martinez* report. The Court will then determine whether to invite Plaintiff to resubmit his discovery requests.

(3) Plaintiff's "Motion to Appearance" is **DENIED**. (*See* Docket Entry # 20.) This motion does not appear to ask for

anything; it just reiterates Plaintiff's quest for relief.

(4) Plaintiff's "Motion to Answer Complaint" is **DENIED**. (See Docket Entry # 21.) In this motion, Plaintiff moves that Officers Dale, Hiatt, Cuddles, and Mecham be ordered to answer his complaint. However, neither Hiatt nor Cuddles are mentioned in the complaint; Dale's name was on a summons prepared by Plaintiff, but not mentioned in the complaint; and Mecham's summons was returned, stating he is not a Utah State Prison employee.

(5) Defendants' motion for a time extension until August 2, 2009, in which to file their *Martinez* report is **GRANTED**. (See Docket Entry # 33.) Defendants must show cause within three days as to why their *Martinez* report has not yet been filed.

DATED this 12th day of August, 2009.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge

3